**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **Criminal No. RWT-10-0029** |
| **MARCUS HERMAN MORRIS** | * | |

\* \* \* \* \* \* \* \* \* \* \*

### REPLY TO MOTION TO SUPPRESS EVIDENCE AND STATEMENTS

The defendant, Marcus Herman Morris, through undersigned counsel, submits this reply brief in support of his motion to suppress tangible and derivative evidence obtained from an unlawful search and seizure on or about September 10, 2009, as well as any statements made by Mr. Morris during and after that arrest. Mr. Morris anticipates that additional arguments will be made at the hearing after the admission of witness testimony and other evidence, and reserves the right to supplement his briefing and arguments based on evidence presented at the hearing on October 20, 2010.

### There Was No Probable Cause to Arrest Mr. Morris

In this case, Officer Nolasco detained Mr. Morris after allegedly observing him ride his bicycle in an erratic manner, as he restricted his mobility. *See, e.g., Florida v. Bostick*, 501 U.S. 429, 434 (1991) (a seizure occurs "when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen"). Although officers need not have sufficient evidence to establish a person's guilt during trial in order to justify a warrantless arrest, "suspicion, or even strong reason to suspect" will not suffice. *Henry v. United States*, 361 U.S. 98, 101 (1959); *see Brinegar v. United States*, 338 U.S. 160, 175-76 (1949); *United States v. Al-Talib*, 55 F.3d 923, 931 (4th Cir. 1995) (probable cause existed where agents observed the defendant interact with a

cooperating witness at a motel during a drug sting, drive around in an apparent attempt to obtain drugs, and engage in counter-surveillance driving tactics).

Although the probable cause inquiry is intended to account for officers' training and experience, the Supreme Court has cautioned that courts must be especially cautious when actions that allegedly support a warrantless arrest are consistent with innocent behavior. *See Reid v. Georgia*, 448 U.S. 438, 441 (1980) (per curiam); *United States v. Saperstein*, 723 F.2d 1221, 1229 (6th Cir. 1983). In fact, where a person's conduct is consistent with both criminal activity as well as innocent behavior, it will rarely meet the probable cause standard for a warrantless arrest, even if the circumstances justify further investigation. *See Illinois v. Wardlow*, 528 U.S. 119 (2000); *Terry v. Ohio*, 392 U.S. 1 (1968); *United States v. Mayo*, 361 F.3d 802 (4th Cir. 2004); *compare Moya v. United States*, 761 F.2d 322, 325-27 (7th Cir. 1985) (officers lacked probable cause to believe defendant had contraband in airport even though he repeatedly scanned crowd and looked over shoulder, remained in bathroom stall for several minutes without using facilities, carried only one shoulder bag, initially refused to provide officers with identification, and denied existence of clear plastic bag that was visibly protruding from shoulder bag), *with United States v. Dickey-Bey*, 393 F.3d 449, 454-56 (4th Cir. 2004) (defendant's "seemingly innocent" act of retrieving packages supported probable cause where officers knew
that package containing $12,500 worth of cocaine was being shipped to mail box as part of sophisticated trafficking operation).

Mr. Morris' actions were even less suspicious than those in cases where courts have found reasonable suspicion to be lacking. For example, in *United States v. Sprinkle*, the Fourth Circuit Court of Appeals declared a stop unconstitutional under *Terry* where: 1) the defendant was spotted with a

known drug offender named Victor Poindexter, 2) the two were observed huddled together in a car with their hands close together (but with no drugs or weapons visible), 3) they were in an area known for high narcotics crime, 4) Mr. Poindexter put his head down and his hand up to cover his face when a policeman walked past, and 5) he drove away when the policeman returned to his vehicle. 106 F.3d 613, 617-19 (4th Cir. 1997).

### There Was No Reasonable, Articulable Suspicion to Conduct an Investigatory Stop of Mr. Morris

In *Terry v. Ohio*, the Supreme Court interpreted the Fourth Amendment to allow a police officer to conduct a brief, investigatory stop only when the officer has reasonable, articulable suspicion that "criminal activity may be afoot." 392 U.S. at 30; *see Illinois v. Wardlow*, 528 U.S. 119, 123 (2000). Such suspicion exists only when: (1) it is based upon specific facts, which, (2) in consideration of the totality of the circumstances, (3) suggest that a particular individual is engaged in wrongdoing. United *States v. Cortez*, 449 U.S. 411, 418 (1981). Although individual facts that appear innocent when considered in isolation may collectively amount to reasonable suspicion, the degree of suspicion that attaches to each fact should be considered. *United States v. Sokolow*, 490 U.S. 1, 10 (1989). Because reasonable suspicion is such a "nontechnical conception[]," determining whether it exists necessitates a highly fact-intensive inquiry. *Ornelas v. United States*, 517 U.S. 690, 695-96 (1996).

However, this detention violated the Fourth Amendment because it was based upon nothing more than an inchoate "hunch," not reasonable suspicion, that Mr. Morris was involved in criminal activity based on his bicycle riding and attire. *Terry*, 392 U.S. at 27 (a stop justified by a mere "hunch" is unconstitutional). Such reliance upon inferences and pure speculation does not reach the level of articulable, reasonable suspicion that is required under *Terry* for a constitutional stop. *See id.*

In a case where the police are not entitled to make an investigative stop, it follows that they are also not entitled to conduct a frisk of the person who has been illegally stopped. *See Adams v. Williams*, 407 U.S. 143, 146 (1972). In light of the fact that Mr. Morris was unlawfully detained on September 10, 2009, the Court should find that the resulting search of his person on that same day was also unlawful. *See id.*

In the event that the Court finds that there was reasonable suspicion for the stop, however, it should still conclude that there was not sufficient reason to justify the frisk. In connection with a valid stop, a police officer may conduct a limited protective search for concealed weapons when the officer "is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others." *Terry*, 392 U.S. at 24. The protection of the detaining officer and others is "the only goal which might conceivably" justify a frisk. *Sibron v. New York*, 392 U.S. 40, 65 (1968) (emphasis added).

In this case, the government contends that Officer Nolasco based his decision to search Mr. Morris based on his alleged failure to respond to a question of whether he was "okay," wearing a fleece jacket, and holding his hand near his waistband area. Even if true, these facts, taken together, do not provide a sufficient basis to conduct a search of Mr. Morris' person. *See United States v. Burton*, 228 F.3d 524, 529 (4th Cir. 2000) (vacating conviction for lack of reasonable belief that the defendant was armed and dangerous when he refused to identify himself to police as repeatedly requested and refused to remove his hand from his coat pocket as repeatedly requested).

All evidence obtained as a result of a Fourth Amendment violation and all evidence derived therefrom must be suppressed. *See Wong Sun v. United States*, 371 U.S. 471, 484 (1963); *Banks*, 482 F.3d at 738. In this case, there is no question that the gun at issue as well as the statements

Mr. Morris made were "obtained by exploitation of the illegality" of the stop and frisk. *Brown v. Illinois*, 422 U.S. 590, 600 (1975).  Accordingly, the gun and all statements must be suppressed.  *See United States v. Hassan-El*, 5 F.3d 726, 729 (4th Cir. 1993) ("Evidence seized as a result of an illegal [Terry] stop is subject to the fruit of the poisonous tree doctrine.").[1]

WHEREFORE, as a result of the constitutional violations alleged herein, the defendant requests that this Court enter an Order suppressing for use as evidence all tangible and derivative evidence seized pursuant to the search executed on Mr. Morris' person on September 10, 2009, and for such other and further relief that this Court deems appropriate.

Respectfully submitted,

JAMES WYDA
Federal Public Defender
 for the District of Maryland


/s/
JULIE L. B. JOHNSON (#27746)
Assistant Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, Maryland  20770
Tel:  (301) 344-0600
Fax:  (301) 344-0019
Email: julie_johnson@fd.org

---

[1] Mr. Morris also challenges the voluntariness of all statements and may present additional argument on this issue depending on the evidence introduced at the hearing.